Good morning, Your Honors. My name is Megan Hoffman, and may it please the Court, my name is Megan Hoffman. I represent Mr. Lopes-Benitez. I'm with the Office of the Federal Public Defender in Las Vegas, and I'd like to reserve five minutes for rebuttal. The question before this Court today is whether, under principles of basic equity, Mr. Lopes-Benitez was entitled to have a meaningful habeas petition reviewed on its already found that Mr. Lopes is entitled to equitable tolling for the two periods, the period before he filed. Let's just start with meaningful. I understand you're basing that on the case that you gave us in Supplemental Authority, the term meaningful. That case concerned a petitioner who was trying to get his file from the attorney who was representing him. The attorney wouldn't give him his file, and the entire period elapsed. And so he wasn't able to use his file, to use his research, use any facts that he had in it, to file a petition, a pro se petition. Do I have the essence of that case? You do, Your Honor. You do. Why isn't Bills v. Clark the case that we would apply here in which the Ninth Circuit has stated that the requirement is a minimally adequate habeas petition? I think it's a compilation of both, Your Honor. Bills v. Clark certainly was the basis or the case under which the district court found that Mr. Lopes was entitled to tolling for the two periods that he did grant tolling in this matter. A minimally adequate petition I think also has to mean in some way a meaningful petition. If a petitioner can file a petition that has no claims in it, is that a minimally adequate petition? Is that a meaningful petition? Well, we're not talking about that, no claims in this case. We aren't. He did have claims in this case that were submitted. I reviewed them a couple of times in preparation for this argument, and a couple of them were able to articulate some sort of claim, and a couple of them really were not. They would minimize, you know, they were reduced to alleging false, false, that the prosecutor's claim was false. But of course, the Court permitted greater argument on those claims and permitted counsel to make perhaps a more full argument than the petitioner made in his pro se filing. You would agree with that? On certain claims, Your Honor, to the extent that in this case Mr. Lopez lost, I believe, it was seven claims due to relation-backed principles and lack of equitable tolling up until the date of the filing of the amended petition. Those claims were exhausted in the State courts, and frankly, the claims that he lost were the claims that really went to the meat of his argument, the meat of his defense before the trial court, namely that the victim was used as a demonstrative exhibit and was incapable of or unable to be subjected to cross-examination or confrontation. There was another claim that the sign language interpreter was permitted to improperly testify as a rebuttal witness. Those claims were particularly of relevance in Mr. Lopez's case, where his defense was based on a lack-of-consent type of argument, which is permissible under Nevada law. The district court seemed to suggest like a per se rule that when you file a habeas petition, when a petitioner files a habeas petition, then there can't be any more equitable tolling for subsequent claims. Yes. Is there any basis for that as a per se rule? No. And in fact, Your Honor, that was one of, I think, the fundamental flaws in the district court's order, was he seemed to indicate that not only was there a per se rule that you cannot have equitable tolling, but also that there's a per se rule that statutory tolling or delayed accrual, which the district court referred to it as, is impossible. And I think this is the case that the district court found to be the case, and I think   to counsel in federal habeas proceedings. That is true, Your Honor. So you're tying equitable tolling to the appointment of counsel, and yet there's no right to the appointment of counsel. Wouldn't that run counter to the principles behind the one-year statute of limitations? You know, we're not arguing for a per se rule that until counsel is appointed, that equitable tolling has to run until that date. I'm only asking for equitable tolling in this particular circumstance under these particular factors, where the impediment or the extraordinary circumstance, how, you know, depending on which type of tolling you want to look at. Say the impediment is his limited mental ability. And the law library, yes. And let's just assume that goes on forever. Let's just assume that that goes on forever. Let's assume that the district court was absolutely correct in its findings, and that he has mental impediment, and it goes on forever. Then if he received counsel 10 years later, you would say that that period should be tolled. Aren't you really talking about appointment of counsel? Because he did receive it six months later. You're talking about appointment of counsel, not mental impairment. We're talking about appointment of counsel as the date in which the impediment in this case was lifted. So that stopped the any equitable tolling, in your view, in April 2009, I think it was, when counsel was appointed. But what about Judge Black's point that absent the appointment of counsel, is the AEDPA statute of limitations tolled indefinitely? Well, and, Your Honor, sometimes that does happen. You know, Mr. Lopez was lucky in this case. And then he did get appointment of counsel. Well, he received 517 days in this case of equitable tolling. But from what I understand, you want us to hold that a Petitioner suffering from mental impairments is entitled to equitable tolling until the appointment of counsel, even after the initial petition has been filed. Isn't that really what you're saying? In this particular case, yes. Wouldn't that nullify the one-year statute of limitations? I don't believe that it does, Your Honor. And this goes back to Judge AEDPA's question about whether there's a per se rule that equitable tolling can never be extended beyond the date of the pro per filing. And cases from this district, from this Court, in fact, from just recently, this last month, hold the opposite. In Sosa v. Diaz, this panel of this Court did extend the equitable tolling deadline beyond the date of the pro per filing. That was sort of a different situation, though, right? The magistrate judge had told the Petitioner you have extensions of time to file and then said, oops, you've actually gone over the statute of limitations. And the Court said, no, there's equitable tolling for that period. It wasn't a disability that began before filing a petition and then continued after the petition. It was hinged on what the magistrate judge had said. That is true, Your Honor. But it does – I think it does tend to at least support the position that equitable tolling doesn't have a requirement to stop on the date of the pro per filing. Equitable tolling is based on a principle of equity. And in Holland v. Florida, the United States Supreme Court indicated that equity means flexibility. It can't be a strict standard rule that indicates that equitable tolling can never go beyond a certain deadline. In this particular case, it's true. The impediment has existed before filing the petition and after filing the petition. Kennedy, if a court adopted your rule, would we be doing inequity to one side? To which side, Your Honor? To whoever the defendant is going to be. Well, Your Honor — Remain defendant for life, I guess, for the life of the — And I think, you know, as a counsel for habeas Petitioners, we see this occasionally from this Court. I mean, I don't think that this is some sort of — Usually, though, when a court enters a decision saying, all right, equitable tolling, like the case you just suggested, there is some rational basis on the record for the court's ruling. As I understand your argument, the rational basis is that the person is mentally limited. Your Honor, it's not only that the person was mentally limited. It's also that the law library at the institution in which he was housed was so restrictive to prevent him, in particular because of his mental impairments, the ability to actively litigate his case. I didn't see any evidence that problems with the library caused his delay. I mean, the district court made extensive findings about his inability to do anything, and in fact, some other prisoner finally wrote his habeas petition, and there was — I didn't see anything suggesting that the law library, however bad it might be, was a causal factor. Your Honor, he actually — the judge did find — if you can permit me one moment. Counsel, just to make sure I understand, I don't — certainly I'm not interrupting you. You're just talking about the issues that are before the Court right now. You're not talking about any of the issues. The law library relates to none of the issues that the district court heard. Is that correct? No, that's not correct. They're actually — Not because he permitted them to relate back, and he had counsel with a big law library. No, Your Honor, I believe that he did allow some of the claims to relate back. So it doesn't encompass those claims, correct? Those claims that were allowed to be related back, yes. That was my question. So we're only talking about those claims that the COA was granted on. Yes. I'm sorry, Your Honor. I thought we were talking — I thought it was the same question. I just want to make sure I understand. No, I apologize. So the absent — your argument is the limited law library was an impediment to those claims that the COA was granted on. Yes. And so can you then answer my question? Yes, Your Honor. I believe — and when I come back for rebuttal, I can pinpoint you to the direct page in the briefing. But in the answering brief, Judge Reed, the district court's judge, did, in fact, find that because of Mr. — he found equitable tolling based on the mental impairment, but he did make findings that the law library in particular did not provide Mr. Lopez with direct access to either law clerks or legal assistants. And that basis continued beyond the date of the pro per filing. The law clerk that ended up ultimately assisting Mr. Lopez was not a law clerk through the prison law library. He just happened to be somebody — a couple cells down. And he testified that he didn't really know what he was doing in the habeas context. I think that's reflected in the pro per petition that Mr. Lopez filed that did not include really the most important constitutional claims of merit that were exhausted. Getting back to the equitable tolling, let me tell you one concern I have. We have joined one side of the circuit split to say that the statute of limitations in AEDPA runs on a claim-by-claim basis. It doesn't run on a complaint basis. That was in Marticich, which revived a ruling — a longer-standing ruling from Solios. If the statute of limitations doesn't run on a — has to run on a claim-by-claim basis, then is there any case that would suggest that the equitable tolling also runs on a claim-by-claim basis? Because that's really the issue here, right? He had a handful of claims in the habeas petition, and then he had a handful of different claims in the second petition, the counsel petition. And so the question would be, were those new claims, did the statute of limitations run on those new claims that weren't contained in the first one? Can you address that? Your Honor, I — the only case that I'm aware of, just off the top of my head, is there is a case named — and I don't know if I'm pronouncing this correctly, but Corjasso v. Ayers, and I believe it's 278 F3rd 874. In that case, it was somewhat similar to the Sosa v. Diaz case in that the petitioner relied on a magistrate improperly dismissing a — a filed petition. But the reason that I think that that case can at least somewhat respond or apply to your question is that in that case, the petitioner had claims in his first petition, unlike the petitioner in Sosa. It was improperly dismissed by the district court. Counsel was allowed — appointed and allowed to file a first amended petition. They stayed it to go back to exhaust. And when they came back to file the second amended petition, the court actually permitted equitable tolling back to the date of the second amended petition, which included the new claims. And so it was a compilation of the claims from the improperly dismissed petition and the second amended petition. Equitable tolling was allowed to expand up until that date. And it, you know, it encompassed to ensure that all of the claims in the second amended petition were able to be heard by this — by the court. That's what we're asking for here. Sotomayor, I'm sorry, one follow-up question on that. Section 2244d.1 provides several trigger dates for Edpin's limitation period. And it sets it all out. Don't you want us to add one, and that is the date counsel was appointed? No, Your Honor. In this case — Isn't that what you want? No. You know, Your Honor, in this case, I'm not asking for a per se rule that has to be to the date of appointment. In this particular case, that happens to be the triggering date. We are not asking — I'm not asking this Court to find that he has a constitutional right to counsel. I'm not asking this Court to find that that is something — in fact, that's not what we're before this Court on. What we're asking this Court is that under these unique particular circumstances in which the Petitioner was so impaired that he was unable to file a complaint that really included the meritorious claims that had been exhausted in the State court, and as a result of the inadequate access to the law library and to the courts,  And in another case — in fact, I've never had a case like this before. In doing my research, I've never — I didn't come across another case like this. This isn't an issue of asking this Court to adopt some sort of broad-spectrum rule. This is only that in this particular case, under the principles of equity, is Mr. Because his impediments that the district court already found existed, continue to exist. Thank you, Your Honor. We've used up all of your time with questions, so we'll give you a minute to rebut. Thank you, Your Honor. Government? Good morning, Your Honors. Michael Bongard, appearing for the Respondent in this matter from the Nevada Attorney General's Office. Your Honor, I'd first like to address the case that I submitted in my 28J letter, Schneider v. McDaniel. That case presents incredibly similar facts to this case. In this case, in the Schneider case, the district court found for reasons that the defendant's functioning capacity entitled him to equitable tolling for a longer period than Mr. Lopez-Benitez received in this case, but once that petition was submitted, the district court found that the defendant's capacity to equitable tolling was not the same as Mr. Lopez-Benitez. And that case came out. But that didn't raise the issue that's raised before us. I mean, I looked at Schneider and I said, yeah, this is a good case for Mayle. Or May-lee? Is that how you pronounce it? May-lee? Your Honor, I've heard it pronounced both ways. I'm not sure myself. But it didn't address the specific issue before us, whether individual claims would continue to be equitably tolled. But it does show that in a case with similar factual circumstances, that panel of this court did apply Mayle or May-lee, whichever way you would prefer me to pronounce it, Your Honor. It applied that case rather than looking toward equitable tolling or additional statutory tolling. Well, we don't know if the argument was raised or what was before the Court. I mean, it certainly doesn't support opposing counsel's argument. But it didn't seem to adjudicate the issue that was before us. It applied May-lee in a context where we would apply May-lee also for looking at the argument of relation back. Well, it would certainly apply in the context that in every case that opposing counsel is presented, the Court has looked at and in most cases found equitable tolling, but only up until the date of the filing of the initial petition. But is there any case that says that stops equitable tolling of this type of issue where the person was laboring under a mental disability? I mean, I guess you would have to say, well, if the petitioner can file a habeas petition of whatever sort, with whatever claims, that raises an inference that he's no longer laboring under that sort of mental disability. But the factual finding of the District Court about the mental disability of the prisoner and the fact that we know that his petition was written by a prisoner who he may or may not have been able to continue to assist him, I just wasn't sure that we had any support for that sort of per se rule. And if I think I understand Your Honor's question, I believe the District Court addressed that at EOR 1968 when it said petitioner cited no authority holding that a petitioner is entitled to tolling or delayed accrual after the filing of the federal petition unless he has afforded access to assistance and resources equivalent to that provided by federal habeas counsel. Well, I understand that was the District Court's holding, but I didn't see what the support was for that holding. Well, I think, and again, looking at both Mayo and Florida v. Holland and 2244, I think from a plain reading of those documents, you have 2244 and Holland that apply prior to the date of the filing of the initial petition, and then you have Mayo which applies after the date of the filing of the initial petition. And I don't think there's any authority that runs against that general idea. Right. But if he had been counseled, so he had counsel and he filed an initial habeas petition, and his first counsel was not very clever and he hires somebody else who writes a much better petition, and then you would apply the relation back doctrine and see whether those claims fell within the statute because they related back. But that's not the case we have here. So Maley has a scope that doesn't exclude the argument that opposing counsel is making, right? I think it does to the extent that there's never been any case that touched on the fact that there's been tolling provided either on the basis of Holland or 2244, I think I got that right, 2244D after the filing of the initial petition. So we have an issue of first impression, I guess, I take it, and so why is your position better or the district court's position that filing a capital habeas petition, the initial filing, per se, cuts off equitable tolling, which is what the district courts seem to think? Again, this isn't a capital habeas, but going from the plain reading of Mayo, it states that the relation back doctrine at that point applies to the initial filing. There is nothing, and again, issue of first impression or whether the court is bound by the decisions that the United States Supreme Court said Mayo applies after the 2244 and Florida versus Holland are very clear on their face where they say that prior to addressing Florida versus Holland first, that Holland applies to an impediment or some reason that prevented the filing and diligence. And in this case, and again, in my briefing, I argued that you don't have either because, and the district court pointed out that applying 2244 in this case kind of stands the statute on its ear because those are supposed to be impediments to filing, yet we've had a filing. And it doesn't say meaningful filing, and the district court made a note of that, that it says filing, it doesn't say meaningful filing. So your argument, if I understand it, is that once a petitioner who's laboring under an impediment actually files, then we infer from that that the impediment has been eliminated. Well, at least in the words of 2244. Well, we're talking about the equitable tolling, right? We're not talking about statutory tolling. And going to the equitable tolling, I think you have to show impediment to filing and diligence. And during the course of the evidentiary hearing — Counsel, it seems to me the answer to that question would be the impediment is not eliminated. The impediment is still there. It's that the petitioner has obtained the ability to have the great writ, that the great writ has not been denied the petitioner. Isn't that the answer to the question? And the reason counsel, for the petitioner, started her argument with what was filed is that has to be the gravamen of the whole case. Did the petitioner have the advantage of the writ of habeas corpus? And that's why we were talking about whether the writ was minimally adequate and counsel wants to say that it has to be meaningful under the supplemental authority. Isn't that where we are? Well, it — if you look at whether it has to be a meaningful filing or not, and I'm going to work backwards on this. In essence, where opposing counsel talks about losing seven grounds, in essence, what happened was they lost four of the seven grounds that they're complaining of, and there were, if I remember correctly, about a half dozen grounds that were addressed because we're talking the grounds that were lost were 1, 3B, 3C, 2, and 3E. And again, the Court also found that it ruled on 4B and 4C, but only parts of it. And that part was waived in the reply brief. The Court found that ground 2 was, I believe, unexhausted, or at least part of it was unexhausted. Let me just address my concern, though, about our holding that the statute of limitations under AEDPA runs on a claim-by-claim basis. So even if the statute of limitations ran on the claims he recommended, and the claims he raised in his first petition, and he got, as Judge Black points out, the benefit of the writ for those claims, the statute has not, had not necessarily run on all of his claims at that point, so why don't we have to do the same analysis on his other claims as to whether the statute of limitations had run or is otherwise equitably told? I apologize. I think I missed the first part of your question, and I believe that was the question. We've held that the statute of limitations under AEDPA, the one-year statute of limitations, runs as to each claim. It isn't that a petition can be filed, and if there's one claim that is within the statute of limitations due to tolling or new discovery or whatever it is, then the whole action is, is, has, has met the, is within the statute of limitations. So we, we analyze the claims, the statute of limitations for AEDPA purposes on a claim-by-claim basis. So here he had five claims, or whatever number, that were in the first habeas petition, and as to them, he got the benefit of habeas. But then he had five other claims where this, where we have to analyze the statute of limitations separately, and as to those five other claims, he's now making an argument of equitable tolling. So why don't we have to analyze that separately? That's my concern. Thank you for that further explanation. I understand your question now, Your Honor. The, the simple answer to that is that the factual basis of all those claims were known all at the same time. They were, in fact, presented by the, the prisoner when he filed the supporting documents that the court requested. And why does that make a difference? Well, because if those claims were known at the time, in fact, they were filed in State court in the petition, the basis for those claims were readily known. They could have readily been included in, in the initial petition that was filed, but they weren't. One of the questions that, that I raised during supplemental briefing in, in the, the district court, Judge Reed said it's, it's not a basis of merely re-copying the petition. So because he knew the claims, but he was laboring under a mental disability, he nevertheless, his failure to, to have his prisoner friend raise them in his petition means that the, he's not entitled to equitable tolling on other claims? I mean, I'm coming back to the same problem. Is there a per se rule or not? Well, it, it, and it seems the rule that, that opposing counsel wants the court to adopt is to excuse the filing of a petition until the right petition is filed that the last person representing the prisoner wants. And that's not the standard. That's what they're asking for in this case. There, there was a petition filed. The, most of the claims in that petition, again, there were a number of claims that were addressed on the merits. There were a number of claims that related back. It's, it's not the filing of the perfect petition. It's the filing of a meaningful petition and a meaningful opportunity to file. Okay. So just so I'm clear, the, the government wants a rule that filing of a habeas petition as a per se matter precludes or, or cuts off equitable tolling for any other claims. Is that correct? It raises the inference that all claims could have been brought in that petition and therefore there's no further basis for equitable tolling. It, I'm, I'm going to attempt to answer that. And if I misunderstood it based on the answer, if you would correct me, I would appreciate it, Your Honor. In this case, the basis for all the claims were known. So to me, there, there is no claim, claim one starts on this date, claim two starts on a later date. Isn't that a statutory tolling issue when it reasonably could be discovered that that's, that's not an equitable tolling issue, right? Correct. Correct. But in this case, all the, all the claims were known. And Florida Holland talks about the fact that there's an impediment and there's diligence. And again, haven't even really touched on the diligence. But just to briefly touch on that, there was nothing in this case that shows, and again, they had the opportunity to present it at the evidentiary hearing. There was nothing in the record that presented once, once the initial petition was filed, there was no, there was no effort by the petitioner to file an additional petition until the date he was appointed by, by counsel. So again, at least for that period, and I believe it was six months on the nose, no showing of diligence. And then again, we get to the, to the period left in this case after counsel was appointed, which again was another six months, and there was no diligence, no protective petition filed. So I don't even believe that they've gotten through the diligence door rather than looking at the individual claims. But again, Your Honor, I, I don't think this presents a case where there are different dates for different claims. All the claims were presented with the exception of ground two. So in that case, the statute of limitations should run, and there's no reason to suggest that there's different statute of limitations running for different dates. And, and Judge Black, I don't, I don't know if I addressed the rest of your question with regards to the statutory tolling argument. But in this case, again, Judge Reed said that to find, it would be difficult to find, we'd be talking about standing the statute on its ear, and just to sum up in the remaining 15 seconds I have, finding tolling in this case I believe would stand male on its ear. That we're talking about where relation back is the proper doctrine to apply now. Now we're looking at extending or changing that doctrine. And again, I, I don't believe that's appropriate under the facts of this case, Your Honor. Kagan. Judge Black has another question for you. Black. Black. Black. Black.     Black. defense, and he's talking about lesser-included offenses of this offense. And so I started looking at Nevada law, and I saw that, that children can't consent as a matter of law in, in most of the crimes in Nevada, except for this one. And I, I'm, I'm right so far? Yes, Your Honor. If I think I, if I think I understand where you're going. Well, and, and I found a, I figured out the statute, 200.366. Am I right there? Yes. Yes, Your Honor, I believe so. If I read an 1876 case which, which set out that principle, am I right there? I, I believe so, Your Honor. And I think what happened, and I can't remember if it's 20 years ago or, or not, but the statute was changed from the, the way it existed then. They went away from a strict liability crime for like a statutory rape, and now it's just sexual assault, and the standard is without consent or knowing when the victim is unable to consent. Right. I, I saw that, but. Okay. Okay. I think I understand. Thank you.  And, and if, that's why the, I, I believe that's why the prosecutor put the victim on the stand to show that as, as a, for lack of a better word, demonstrative exhibit, to show that there was no means for her to communicate consent. Right, because she's deaf and dumb, but, but, but in, in the State of Nevada, a, a minor under the age of 14 can consent to. The, the way the statute is written, that's, that's my reading of it, Your Honor. At the 1776 case. Thank you. All right. If that helps. Thank you. I have a minute for rebuttal. Thank you. Just really briefly, Judge Acuda, I found the, in the opening brief, it was at page 40 to 41, and it was EOR 1966, our argument under Randle v. Crawford, that the impediment did have a causal connection in this matter. Just very briefly, judges, I think really what, what we touched on here was, was the, the basis of my argument. In this case, the, the filing has to be, you know, a meaningful filing. And whether or not the claims are readily known, as Judge Acuda pointed out, that's, that's a standard more that goes to 2244 D1D. We're talking about equitable tolling here. And in this case, if Mr., as, for example, in the Sosa case where the, the petitioner did not have any claims in his first petition, to be able to allow this equitable tolling remedy to have any sort of, of remedy, to allow it to be a remedy of equity, there has to be something that the petitioner can move forward on. He has to have an opportunity to present his claims to the court. And in this case, our position is that but for his impediments, but for the extraordinary circumstances that the district court already found existed in this case, he would have had an opportunity to present these claims. There is no question that Mr. Lopez was unable to even copy these records into a protective petition on his own behalf, as the district court found. He was able, with the assistance of Mr. Ramirez, to submit the documents in January. And even if we get tolling until the January date, that gives us the, a timely amended petition. He, in January, submitted those additional documents under the court's order, which did then provide the court with the exhausted claims. And but for the opportunity to do that, Mr. Lopez didn't have the most meaningful petition. It didn't have a meaningful petition before the court until counsel was able to assist him in understanding the process. How would you define the narrow question that's before us for resolution? I believe that the narrow question before this Court is whether Mr. Lopez Benitez, who has already been found to be so mentally deficient, let me rephrase that, whether just under principles of equity, Mr. Lopez Benitez has, should have the opportunity to have a meaningful petition heard by the district court or Federal review. I think it's a limited question as to whether, in this particular case where equity has already been found, Mr. Lopez should be able to really what happened in this case, Your Honor, is that Mr. Oh, I'm sorry. I was hoping you could give us a succinct, succinct statement, and I gather you can't. I think my, I tried to open with it, that it's whether Mr. Lopez, under principles of equity, is entitled to have a meaningful petition heard on his merits. Thank you. Thank you. The Court will take a brief recess. This case is submitted.
judges: Black, Farris, Ikuta